**UNITED STATES of America**

**v.**

**Julio Cesar CUEVAS PIMENTEL.**

**Case No. B–90–CR–53. (JAC).**

United States District Court,
D. Connecticut.

Feb. 17, 1993.

82

Althea E. Seaborn, Asst. U.S. Atty., Bridgeport, CT, for Government.

Michael O. Sheehan, Morrison, Sheehan, and Swaine, New Haven, CT, for defendant.

## RULING ON GOVERNMENT'S MOTION IN LIMINE

JOSÉ A. CABRANES, Chief Judge:

Pending before the court is the Government's Motion in Limine Re: Trial Evidence (filed June 26, 1992).[1]  This motion raises the issue of whether a defendant in a criminal trial can impeach the testimony of a Government witness by introducing evidence of pri-

or statements made by the attorney for that witness.

The defendant, Julio Cesar Cuevas Pimentel ("Cuevas"),[2] has been charged with three counts of conspiracy to possess cocaine with intent to distribute, a violation of 21 U.S.C. § 841(a)(1), in violation of 21 U.S.C § 846. The same charges have also been made against two other defendants, Manuel Espinosa Rodriguez ("Espinosa")[3] and Rafael Alejandro Almonte.  At a detention hearing before United States Magistrate Judge Joan Glazer Margolis on October 19, 1990, the attorney for defendant Espinosa, Peter Gersten ("Gersten"), made certain statements to the court.  He stated (1) that Espinosa played a minor role in the alleged drug transaction, (2) that Espinosa was not in the state of Connecticut to sell drugs at the time the transaction occurred, and (3) that Espinosa denied having any involvement in any drug deal in any state, with any person. Espinosa subsequently pled guilty to the charges against him, and the Government has indicated that it intends to call Espinosa as a witness in the trial of Cuevas.  Espinosa is expected to testify at trial that he played a significant role in the alleged drug transaction.  Espinosa is also expected to implicate Cuevas in that transaction.

Counsel for defendant Cuevas has stated that he intends to impeach Espinosa's testimony at trial by introducing transcripts of remarks made by Attorney Gersten at the detention hearing.  The Government now seeks an order excluding the introduction of these transcripts, arguing generally that the transcripts are hearsay and that statements of an attorney cannot be used to impeach the testimony of a client.[4]  In response, Cuevas contends that he should be permitted to introduce these statements under Fed.R.Evid

1.  This case was transferred from the docket of my colleague, Senior United States District Judge Warren W. Eginton, on November 20, 1992.

2.  In Spanish language usage, "Cuevas" is the patronymic and "Pimentel" is the matronymic. Accordingly, it would be proper to refer to the defendant as "Cuevas" or "Cuevas Pimentel" but not as "Pimentel."

3.  *See* note 2 *supra.*

4.  *See* Government's Motion in Limine Re: Trial Evidence (filed June 26, 1992). The docket sheet in this matter indicates that the Government submitted neither a memorandum in support of its motion nor a memorandum in response to the defendant's objection. *See* Rule 1, Local Rules of Criminal Procedure (D.Conn.1993) (incorporating by reference, *inter alia*, Rule 9(a)1, Local Rules of Civil Procedure (D.Conn.1993) ["any motion involving disputed issues of law shall be accompanied by a written memorandum of law"]).

613(b) ("Rule 613(b)"), which permits the use of a prior inconsistent statements of a witness for impeachment purposes.[5] In support of this position, Cuevas relies on a line of cases addressing the admissibility of attorneys' statements as admissions of a party under Fed.R.Evid. 801(d)(2) ("Rule 801(d)(2)"), including *United States v. McKeon*, 738 F.2d 26 (2d Cir.1984) and *United States v. Valencia*, 826 F.2d 169 (2d Cir. 1987).

## DISCUSSION

The defendant's objection to the Government's motion in limine appears to confuse two rules of evidence, and the Government's oral response has done little to clarify the situation. The defendant argues that the statements of Attorney Gersten should be admissible as prior inconsistent statements of Espinosa under Rule 613(b). But in attempting to explain why an attorney's statements can be treated as prior inconsistent statements of the attorney's client, the defendant makes a significant misstep: he relies, without explicitly saying so, on cases that consider whether an attorney's statements can be introduced as admissions of a party-opponent under Rule 801(d)(2). The distinctions between Rule 613(b) and 801(d)(2) may be subtle, but they are highly significant. To clarify the differences between these rules, and to reduce the risk of any misunderstanding at the time of trial, this ruling discusses the reasons why neither Rule 613(b) nor Rule 801(d)(2) permits the use of Attorney Gersten's remarks to impeach Espinosa's testimony.

Rule 613(b) permits the use for impeachment purposes of evidence that a witness made a prior statement that is inconsistent with his in-court testimony. This rule makes no provision, express or implied, for the attribution of statements of others to a witness. *See* Fed.R.Evid. 613(b) (prior inconsistent statements); *see also* Wright, Miller & Graham, *Federal Practice and Procedure: Evidence* § 6581 (1992). It is not surprising, then, that courts appear to take it for granted that a statement is admissible as a statement of a witness *only* where that statement

was in fact made by the witness. *See, e.g., United States v. Tarantino*, 846 F.2d 1384, 1416 (D.C.Cir.1988) ("witnesses are not impeached by prior inconsistent statements of *other* witnesses, but by their *own* prior inconsistent statements" [emphasis in original] ). Indeed, the defendant has not drawn the court's attention to a single case which even suggests that a statement by a person speaking on behalf of a witness can be treated as a prior inconsistent statement of the witness himself under Rule 613(b). Accordingly, it is clear that, as a general matter, Rule 613(b) does not permit an attorney's statements to be introduced as prior inconsistent statements of that attorney's client.

Perhaps because no courts have expressly endorsed his view of Rule 613(b), the defendant relies almost entirely on cases relating to Rule 801(d)(2). Rule 801(d)(2) provides that a statement may be admitted as substantive evidence if it was made by the party against whom it is offered or by a person speaking on behalf of that party. *See* Fed. R.Evid. 801(d)(2) (admissions of party-opponent); *see also* Wright, Miller & Graham, *Federal Practice and Procedure: Evidence* § 6715 (1992). The defendant discusses a number of cases which hold that under Rule 801(d)(2) an attorney's statement can sometimes be used as an admission of the party on whose behalf the statement was made. *See McKeon*, 738 F.2d at 31–32; *Valencia*, 826 F.2d at 172–73. The defendant apparently believes that these cases permit an attorney's statements at a detention hearing to be used against the attorney's client when that client serves as a Government witness in a criminal trial. For these cases to support the defendant's position, they would have to establish either (1) that an attorney's statement is admissible under Rule 613(b) as a prior inconsistent statement of that attorney's client, or (2) that an attorney's statement is admissible under Rule 801(d)(2) as an admission of that attorney's client even in situations where the client is not actually a *party* but rather serves as a Government *witness*. The decisions in *McKeon* and *Valencia* do not support either of these propositions.

---

**5.** *See* Defendant's Response to Motion in Limine

(filed July 6, 1992).

First, the decisions in *McKeon* and *Valencia* do not establish that attorneys' statements are attributable to their clients for purposes of Rule 613(b). These cases do, of course, hold that attorneys' statements can be attributed to their clients for purposes of Rule 801(d)(2). But these holdings are not based on general principles of law applicable to all circumstances or to all rules of evidence. Rather, these holdings rest on the express language of Rule 801(d)(2), which provides that statements can be used against a party if they were made by "a person authorized by the *party*" or by "the *party's* agent or servant." *See* Fed.R.Evid. 801(d)(2)(C) and (D) (emphasis supplied). Indeed, the narrow issue in these cases is the extent to which courts should *curb* the "expansive practices" permitted under Rule 801(d)(2) in cases involving an attempt to attribute an attorney's statement to a party. *See McKeon,* 738 F.2d at 32; *Valencia,* 826 F.2d at 172. Because the holdings in *McKeon* and *Valencia* rest on interpretations of Rule 801(d)(2), they provide no significant support for the proposition that Rule 613(b) permits the attribution of an attorney's statements to a witness.

Second, the decisions in *McKeon* and *Valencia* do not establish that statements of an attorney can be used as admissions of the attorney's client under Rule 801(d)(2) when the client serves as a Government witness. It is well-established that Rule 801(d)(2) permits admissions to be introduced only against *parties*—not against all witnesses. *See* Wright, Miller & Graham, *Federal Practice and Procedure: Evidence* § 6715 (1992). The requirements of this rule are satisfied where the Government uses the statements of a defendant's attorney against that defendant, since the defendant is a party to the case. The requirements of this rule are not satisfied, however, where the Government seeks to use the statements of a witness' attorney against a witness who is not a party

to the case. Likewise, it is clear that Rule 801(d)(2) prohibits the type of evidence that the defendant seeks to introduce here: the rule prohibits the defendant from using the statements of Attorney Gersten against Espinosa, since Espinosa is only a witness and not a party to the case.[6]

In sum, it is clear that neither Rule 613(b) nor Rule 801(d)(2) permits the introduction of Attorney Gersten's statements as evidence in this case. Rule 613(b) does not authorize the introduction of these statements because they were not actually made by the witness against whom they would be offered. Rule 801(d)(2) does not permit the introduction of these statements because they are attributable to a witness rather than to a party to the case.

## CONCLUSION

For the foregoing reasons, the Government's Motion in Limine Re: Trial Evidence (filed June 26, 1992) (doc. # 55) is hereby GRANTED.

It is so ordered.

---

6. This discussion raises the question of whether there are *any* circumstances under which a defendant in a criminal trial can introduce statements as admissions of a party-opponent pursuant to Rule 801(d)(2). This issue arises because the party opposing a criminal defendant is the Government itself. It could be that statements made by persons authorized to speak on the Government's behalf constitute admissions of the Government for purposes of Rule 801(d)(2). Even if that is the case, however, Cuevas would be unable to introduce the statements at issue here because these statements were not made by a person speaking (or even purporting to speak) on behalf of the Government. Consequently, it is unnecessary to resolve this issue here.